UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 30 PM 5:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

FRED J. ALEXANDER,  }
    Plaintiff,  }
      }
v.  }    CASE NO. CV 95-B-0865-S
      }
ROBERT L. POTTS,  }
    Defendant.  }

ENTERED
SEP 3 0 1997

MEMORANDUM OPINION

    This matter is before the court on the Motion for Sanctions Under Rule 11 Federal Rules of Civil Procedure filed by the defendant.[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

    Defendant Robert L. Potts ("defendant") brings his motion for sanctions against counsel for plaintiff and plaintiff pursuant to Rule 11(c)(1)(A) Federal Rules of Civil Procedure and 42 U.S.C. § 1988. Plaintiff originally brought claims against defendant pursuant to 42 U.S.C. § 1983, alleging retaliation in violation of plaintiff's constitutional right to free speech, 42 U.S.C. § 1985, alleging that defendant entered into a conspiracy to violate plaintiff's constitutional right to free speech, and state law claims alleging "tortious interference with advantageous business relationship and defamation." (Am. Compl. ¶ 1). On September 30, 1996, this court entered a Memorandum Opinion and Order in which it granted defendant's motion for summary judgment on all claims.

---

    [1] When the case was appealed to the Eleventh Circuit, the entire file, including defendant's Motion for Sanctions and plaintiff's response, was sent to the Eleventh Circuit Court of Appeals.

## DISCUSSION

Upon completion of discovery, counsel for defendant delivered a letter to plaintiff's counsel with an attached motion. The letter to plaintiff's counsel, dated April 3, 1996, enclosed an unsigned Rule 11 Motion which defendant's counsel threatened to file unless plaintiff withdrew his complaint.[2] With regard to plaintiff's contention that defendant violated § 1983, the Notice or proposed Motion for Sanctions stated as follow:

> Now that discovery has been completed, it clear . . . that . . . the allegations by Dr. Alexander that Potts fired him in violation of his first Amendment rights are totally unreasonable. There is no existing law which would support an allegation that the tangential involvement of Dr. Alexander in discussing the SEOG grant problem . . . or his refusal to sign an affidavit or testify in the Joe Wallace matter were either an exercise of his First Amendment rights within the meaning of the case law or were in any way causally connected with defendant's decision to ask for his resignation.
>
> . . .
>
> Moreover, it is clear that Dr. Potts would be entitled to qualified immunity because no reasonable college president would think that the actions he took in regard to Dr. Alexander, (i.e., the request for his resignation and the recommendation that he be fired if he did not resign because of his poor performance and his refusal to follow the instructions given him by Potts) would violate Alexander's clearly established constitutional rights.

The following specific description of the defects in plaintiff's state law defamation claim was made in defendant's April 3, 1996 notice to plaintiff:

> Plaintiff and counsel are aware that Dr. Potts as President of the University of North Alabama was acting within the line and scope of his authority as the agent of the employer of Alexander

---

[2] Counsel noted in his letter that he had never threatened Rule 11 sanctions.

2

> in regard to any criticisms of his performance for request for his resignation.

FED. R. CIV. P. 11(b) provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).

      The court has imposed Rule 11 sanctions only once before. It would be easier to deny defendant's motion and avoid the satellite litigation involved with resolving the issue of attorney's fees. Nevertheless, the litigation crisis is severe and when a well founded motion for sanctions is filed, it should be granted. This is necessary to reduce abuses and restore respect for the judicial system.

A hallmark of the American legal system has been the creation of creative legal theories which have sometimes developed into new law. The court recognizes that Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories:

> [W]e do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Vital changes have been wrought by those members of the bar who have dared to challenge the received wisdom, and a rule that penalized such innovation and industry would run counter to our notions of the common law itself.

*Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985). Unfortunately, in this case following discovery, plaintiff had no plausible legal argument to support his claims.

### Plaintiff's Conspiracy, Tortious Interference, and Defamation Claims

The court finds that plaintiff's claims of conspiracy, tortious interference with business relations, and defamation had no factual basis, were based on a legal theories that had no reasonable chance of success, and were objectively frivolous. Therefore, defendant's motion for Rule 11 sanctions as to these claims is due to be granted.

Plaintiff's claims pursuant to 42 U.S.C. § 1985 alleging a conspiracy to deprive plaintiff of his constitutional right to free speech and plaintiff's state law claims alleging tortious interference with business relations and defamation had no basis in fact. Defendant's motion for summary judgment as to these claims was unopposed by plaintiff. Plaintiff's counsel even conceded in oral argument that defendant was entitled to summary judgment on plaintiff's tortious interference claims. *See* Memorandum Opinion at n.10. Plaintiff and

4

plaintiff's counsel's insistence on pursuing these claims in the face of any evidence to support them provides sufficient grounds for the imposition of Rule 11 sanctions.

As the Memorandum Opinion entered by the court explains, plaintiff's claims were based on legal theories that had no reasonable chance of success. *See* Memorandum Opinion at p. 33-35. Because a conspiracy claim under § 1985 requires some racial or class-based discriminatory animus behind the conspirators' actions, and because plaintiff proffered no evidence that such animus existed, plaintiff should have known that this claim had no reasonable chance of success. Plaintiff also failed to produce evidence of publication or malice, elements essential to the establishment of a state law defamation claim. Similarly, plaintiff failed to show, in support of his tortious interference claim, that defendant acted outside the scope of his employment or with malice. Plaintiff's counsel should have realized that her client's claims could not possibly succeed without evidence establishing the most basic elements of these very serious federal and state law claims.

Plaintiff's § 1985 and state law claims were objectively frivolous in view of the facts and the law and plaintiff's counsel should have been aware that they were frivolous. After defendant's counsel's April 3, 1996 letter, plaintiff did not withdraw any of his claims, even the ones on which he obviously could not succeed. Even if these claims were not originally brought in subjective bad faith, plaintiff and his counsel had an obligation to withdraw these claims upon realizing that they were completely without merit. The 1993 amendment to Rule 11 makes clear the continuing nature of a litigant's responsibilities under Rule 11. As the Advisory Committee's Notes explain:

> [A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

As noted, plaintiff presented no evidence or argument in opposition to defendant's Motion for Summary Judgment on his § 1985 and state law claims. Plaintiff's response to defendant's motion for Rule 11 sanctions cites the court to *Hoover v. Tuttle*, 611 So.2d 290 (Ala. 1992). Because the *Hoover* case deals only with claims for invasion of privacy and defamation, the court assumes that plaintiff intends for this case to provide support for his state law defamation claim. However, even if *Hoover* stands for the proposition that employees may be acting outside the scope of their duties to an employer when they conspire to defame someone, this does not change the fact that plaintiff failed to present any evidence showing publication of any defamatory statements. Without evidence of defamation, *Hoover* is irrelevant to plaintiff's case. Furthermore, *Hoover* in no way supports plaintiff's conspiracy and tortious interference claims.

<u>Plaintiff's claim under § 1983 alleging termination in retaliation for plaintiff's exercise of his free speech rights under the First Amendment</u>

As the court held in its Memorandum Opinion, none of the events on which plaintiff relied for his § 1983 claim involved protected speech. Further, there was no evidence on which a reasonable fact finder could infer that the request for plaintiff to resign was motivated by his "speech" or other activities. However, even assuming that plaintiff and his counsel had an arguable legal and factual basis for asserting this claim, plaintiff's counsel should have

6

clearly recognized that defendant was entitled to qualified immunity and withdrawn the claim after defendant's April 3, 1996 letter.

## CONCLUSION

Based on the foregoing reasons, the court is of the opinion that defendant's Motion for Sanctions is due to be granted. An order granting defendant's motion will be entered contemporaneously herewith.

DONE this 30th day of September, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge